UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID HARRINGTON,

                    **Plaintiff,**

  v.                                                        No. 09-CV-85
                                                          (TJM/DRH)

MID-STATE CORRECTIONAL FACILITY;
WILLIAM HULIHAN, Superintendent, Mid-
State Correctional Facility; SALVANA,
Medical Doctor, Mid-State Correctional
Facility; ROWICK, Nurse, Mid-State
Correctional Facility; FERGUSON, Nurse
Practitioner, Mid-State Correctional Facility;
NURSE HOWARD, Registered Nurse, Mid-
State Correctional Facility; BAXTER,
Registered Nurse, Mid-State Correctional
Facility; DR. MANNAVA, Medical Doctor;
DR. REMANINI, Medical Doctor; WAYNE
VISALLI, Nurse; DR. TINA MAXIAN; and
NURSE WILLIAMS,

                    **Defendants.**
_____

THOMAS J. McAVOY,
**Senior United States District Judge**

### DECISION & ORDER

      This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. David R. Homer, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). No objections to the Report-Recommendation and Order dated May 21, 2010 have been filed, and the time to do so has expired. Furthermore, after examining the record, this Court has determined that the

1

Report-Recommendation and Order is not subject to attack for plain error or manifest injustice. Accordingly, the Court adopts the Report-Recommendation and Order for the reasons stated therein.

Plaintiff has also made a motion for the appointment of *pro bono* counsel. Dkt. # 34. There is "no bright-line test in determining whether counsel should be appointed on behalf of an indigent party." McGregor v. Jarvis, 2009 WL 174595, at * 1 (N.D.N.Y. Jan. 23, 2009). "As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance." Id. If that question is answered in the affirmative, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir.1994)(internal quotation marks and citations omitted).

Here, Plaintiff's claims that have passed the Rule 12(b)(6) stage can be deemed to be of some substance, but the true test as to whether they are of such substance as to require the appointment of counsel will be whether they survive a Rule 56 motion. Given the nature of the claims, which are not over complex from a legal or factual standpoint, Plaintiff has the ability to investigate the crucial facts and present the case for purposes of defending or presenting a summary judgment motion. Accordingly, Plaintiff's motion for appointment of counsel is denied with leave to renew following the resolution of Rule 56 motions or, if no such motion is made, following the expiration of the time to make such motions.

It is therefore,

**ORDERED** that Defendant's motion to dismiss [Dkt. No.25] is:

1. **GRANTED** with respect to Harrington's ADA claims and all ADA claims and defendant Mid-State Correctional Facility are **DISMISSED**;

2. **GRANTED** with respect to Harrington's Eighth Amendment claims against defendants Salvana, Maxian, Rowick, Visalli, and Meyers and the amended complaint is **DISMISSED WITH PREJUDICE** as to those defendants;

3. **GRANTED** as to defendant Hulihan and the amended complaint is **DISMISSED WITH PREJUDICE** as to that defendant; and

4. **DENIED** as to all other defendants and claims.

And it is further

**ORDERED** that Plaintiff's motion for appointment of counsel [Dkt. No. 34] is denied with leave to renew following the resolution of Rule 56 motions or, if no such motion is made, following the expiration of the time to make such motions.

 IT IS SO ORDERED

DATED: September 1, 2010

Thomas J. McAvoy
Senior, U.S. District Judge

3